# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GONZALEZ-ALVAREZ,<br><br>                    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 13-CV-2432<br>                11-CR-3677<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE** |

Gonzalez-Alvarez pleaded guilty to one count of attempted entry into the United States following deportation in violation of 8 U.S.C. §1326(a)-(b), and on December 1, 2011 the Court sentenced him to 60 months in custody and 3 years of supervised release. (Doc. No. 32.) Gonzalez-Alvarez appealed the sentence and the Ninth Circuit affirmed it in an unpublished opinion. *See United States v. Gonzalez-Alvarez*, 487 F. Appx 372 (9th Cir. 2012). On October 8, 2013, Gonzalez-Alvarez filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. The United States has opposed the motion and Gonzalez-Alvarez has filed a reply.

**I. Factual Background**

As part of his plea agreement, Gonzalez-Alvarez waived the right to appeal or collaterally attack his sentence, with two exceptions. (Doc. No. 17). First, if the Court sentenced him above the high end of the guideline range recommended by the United

States, he could appeal or collaterally attack that sentence. (*Id.* at 10:1-3.) Second, he was free to bring a post-conviction collateral attack challenging the effectiveness of his counsel. (*Id.* at 9:27-28.)

At sentencing, the United States recommended a range of 21 to 27 months in custody. (Doc. No. 24.) However, the Court believed an upward variance was necessary and sentenced Gonzalez-Alvarez to 60 months in prison, thereby allowing an appeal or collateral attack of the sentence pursuant to the plea agreement. (Doc. No. 32.)  Gonzalez-Alvarez appealed to the Ninth Circuit. (Doc. No. 33.)

The Ninth Circuit affirmed. It made two distinct findings.  First, it noted that "[t]he judge adequately explained and did not abuse his discretion by imposing an above Guidelines sentence." *Gonzalez-Alvarez*, 487 Fed.Appx. at 372.  Second, addressing his objection to 3 years of supervised release, the Ninth Circuit found that "[c]ontrary to Gonzalez-Alvarez's assertion, this finding was not a *Kimbrough*-style rejection of a Guidelines sentencing policy; rather, it was consistent with [U.S.S.G. § 5D1.1] and its accompanying commentary." *Id.* (referencing *Kimbrough v. United States*, 552 U.S. 85 (2007)).

**II. Petition to Vacate Sentence Pursuant to 28 U.S.C § 2255**

Section 2255 states that a prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "The statute states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962).

The Supreme Court has repeatedly stressed that the purpose of a § 2255 motion isn't to allow defendants to pursue a second appeal. *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (citing *United States v. Addonizio*, 442 U.S. 178, 184 (1979)). Therefore, "[w]hen a defendant has raised a claim and has been given a full and fair

/ /

opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).

Gonzalez-Alvarez makes four claims in his petition: (1) the Court erred in adopting an "overbroad interpretation of [*Kimbrough*] that would allow it to categorically reject the Guidelines [for any reason];" (2) the Court "expressly mistook the purpose of the [amendments to the supervised release Guidelines] as recommending that the district courts 'give' defendants 'more time up front' to compensate for the lack of supervised release;" (3) the Court did not sufficiently explain its variance from the sentencing Guidelines; and (4) ineffective assistance of counsel. (Pet. at 26, 27, 51.)

### III. Discussion

With the exception of his ineffective assistance of counsel claim, Gonzalez-Alvarez's claims are copied *verbatim* from the opening brief submitted to the Ninth Circuit on appeal. (*Compare Gonzalez-Alvarez*, 487 Fed.Appx. 372 (Ex. A), *with* Pet. at 14-51.) Because the Ninth Circuit rejected these arguments on direct appeal, Gonzalez-Alvarez is foreclosed from relitigating them now in a § 2255 motion. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."). Therefore the Court will not address the claims presented on pages 26 through 51 of the Petition. This leaves only his ineffective assistance of counsel claim.

Gonzalez-Alvarez claims ineffective assistance of counsel on "five grounds." (Pet. at 51.) The problem is that these "five grounds" amount to nothing more than general grievances stated in a conclusory manner. (*Id.*) He supports his claims with statements such as "[c]ounsel representation fell below an objective standard of reasonableness," and "trial counsel's performance was so deficient it prejudiced his defense." (*Id.* at 51.) Although these claims are not baseless on their face, they are certainly inadequately pleaded. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir.1989) (conclusory allegations are insufficient to state a claim for ineffective assistance of counsel). To state a claim for ineffective

assistance of counsel, Gonzalez-Alvarez would have to first "show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) Also, there is a strong presumption that his counsel's performance was not deficient. *Id.* at 689.

### IV. Conclusion

Of Gonzalez-Alvarez's four claims, three are **DENIED** because he brought them on direct appeal and lost. Gonzalez-Alvarez's last claim of ineffective assistance of counsel was not waived in his plea agreement and is not plainly baseless, but it is inadequately pleaded. It is therefore **DISMISSED WITHOUT PREJUDICE**. If Gonzalez-Alvarez believes he can amend his petition to adequately plead this claim, he may do so by filing an amended petition by no later than *August 30, 2014.*

**IT IS SO ORDERED**.

DATED: July 31, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge